UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA WENGER,

    Plaintiff,

v.

GARY L. PRICE, JR. *ET AL.*,

    Defendants.

Case No. 25-1048-JWB-BGS

## NOTICE AND ORDER TO SHOW CAUSE

On March 26, 2025, Plaintiff Tamara Wenger filed her Complaint against Defendants Gary. L. Price, Jr. and Melissa Clouatre. (Doc. 1.) Plaintiff alleges that Defendants "conspired to use publically [sic]-funded manpower, threats of military-grade equipment, weaponry, imprisonment, and intimidation to carry out a threat to circumvent my inalienable right to self-determination, privacy, due process o the law, and attempts at extortion." (*Id.*, at 1.) Plaintiff continues that Defendants' actions constitute "breach of duty, breach of sworn oath, abuse of authority, gross negligence, deprivation of rights under the color of law, conspiracy, failure to uphold the law, treason, the threat of human trafficking, unlawful adjudication, violation of due process, concealing evidence, the threat of crimes against humanity resulting in the violation of my protections under the Bill of Rights and constitution, and the causing of undue harm and detriment to me." (*Id.*)

Plaintiff proceeded to make other filings[1] in this case, including a document entitled "Disclosures," which purports to establish proof of service on Defendants on March 26, 2025.

---

[1] Plaintiff's other filings in this case include a notice of "Suit at Common Law Per the 7th Amendment" (Doc. 3), a demand for a trial date (Doc. 4), and a document titled "Suit at Common-Law Common Law Default Judgement and Order" (Doc. 5). In the "Default Judgement" filing, Plaintiff contends that there has been "no response offered" to Plaintiff's claims by Defendants although she contends a "response was due April 16, 2025." (*Id.*, at 1.)

1

(Doc. 2, at 3-4.)  The Court notes that Plaintiff's "Disclosures" filing is not a summons.  (*Id.*)  The filing was not signed by the Clerk of this Court nor does not bear the seal of this Court.  *See* Fed. R. Civ. P. 4(a)(1)(F)-(G).  In fact, the docket report does not indicate that a summons has ever been issued by the Court in this case.

To properly serve a defendant in compliance with the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P. 4(b) ("A summons . . . must be issued   for each defendant to be served.").  Where, as in this instance, no summons has been issued, the Defendants have not been properly served.  *Blackmon v. USD 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273-1274 (D. Kan. 2011).  Further, there is no indication that the Defendants herein have waived or consented to service from Plaintiff.

The time limit for service of process is governed by Fed. R. Civ. P. 4(m).  That Rule states that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Pursuant to Rule 4(m), Plaintiff filed her Complaint on March 26, 2025, meaning <u>she was required to serve Defendant on or before June 24, 2025</u>.  More than 90 days have passed since the Complaint was filed and service has not been effectuated.  Simply stated, Plaintiff has not properly effectuated service of process on Defendants.  Additionally, Fed. R. Civ. P. 41(b) provides that the Court may dismiss an action for failure to prosecute.

Accordingly, the Court orders Plaintiff to show cause in writing by **July 22, 2025**, as to why the undersigned Magistrate Judge should not recommend that her claims be dismissed pursuant to Rule 4(m) and/or Rule 41(b).

IT IS SO ORDERED.

Dated July 1, 2025, at Wichita, Kansas.

/s/B<small>ROOKS</small> G. S<small>EVERSON</small>
Brooks G. Severson
United States Magistrate Judge
