UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA WENGER,

    Plaintiff,

v.

GARY L. PRICE, JR. *ET AL.*,

    Defendants.

Case No. 25-1048-JWB-BGS

## REPORT & RECOMMENDATION OF DISMISSAL

On March 26, 2025, Plaintiff Tamara Wenger filed her Complaint against Defendants Gary L. Price, Jr. and Melissa Clouatre.  (Doc. 1.)  Plaintiff proceeded to make other filings[1] in this case, including a document entitled "Disclosures," which incorrectly purports to establish proof of service on Defendants on March 26, 2025.  (Doc. 2, at 3-4.)  The Court notes – and discussed in its Show Cause Order (Doc. 6), discussed *infra* – that Plaintiff's "Disclosures" filing is not a summons.  (*Id.*)  The filing was not signed by the Clerk of this Court nor does not bear the seal of this Court.  *See* Fed. R. Civ. P. 4(a)(1)(F)-(G).  In fact, the docket report does not indicate that a summons has ever been issued by the Court in this case.

To properly serve a defendant in compliance with the Federal Rules of Civil Procedure, "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1); *see also* Fed. R. Civ. P. 4(b) ("A summons . . . must be issued   for each defendant to be served.").  Where, as in this instance, no summons has been issued, the Defendants have not been properly served.  *Blackmon v.*

---

[1] Plaintiff's other filings in this case include a notice of "Suit at Common Law Per the 7th Amendment" (Doc. 3), a demand for a trial date (Doc. 4), a document titled "Suit at Common-Law Common Law Default Judgement and Order" (Doc. 5), and a Motion and Demand for Oath of Judge (Doc. 8).  In the "Default Judgement" filing, Plaintiff contends that there has been "no response offered" to Plaintiff's claims by Defendants although she incorrectly contends a "response was due April 16, 2025."  (Doc. 5, at 1.)

1

*USD 259 Sch. Dist.*, 769 F. Supp. 2d 1267, 1273-1274 (D. Kan. 2011).  Further, there is no indication that the Defendants herein have waived or consented to service from Plaintiff.

The time limit for service of process is governed by Fed. R. Civ. P. 4(m).  That Rule states that "if a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Pursuant to Rule 4(m), Plaintiff filed her Complaint on March 26, 2025, meaning <u>she was required to serve Defendant on or before June 24, 2025</u>.  More than 90 days have passed since the Complaint was filed and service has not been effectuated.  Simply stated, Plaintiff has not properly effectuated service of process on Defendants.  Additionally, Fed. R. Civ. P. 41(b) provides that the Court may dismiss an action for failure to prosecute.

On July 1, 2025, the Court issued a Show Cause Order giving Plaintiff a deadline of July 22, 2025, to show cause in writing as to why the undersigned Magistrate Judge should not recommend to the District Court that Plaintiff's claims be dismissed pursuant to Rule 4(m) and/or Rule 41(b) for failure to prosecute.  (Doc. 6.)  The July 22, 2025, deadline for Plaintiff to respond to the Court's Show Cause Order expired a week ago.  In an abundance of caution, and anticipating delays relating to the U.S. mail, the Court allowed an additional week for Plaintiff's response to be received.  To date, no response has been submitted to the Court.  The Court thus **recommends** to the District Court that Plaintiff's claims be **DISMISSED** for the failure to prosecute.

**IT IS THEREFORE RECOMMENDED** to the District Court that Plaintiff's Complaint (Doc. 1) be **DISMISSED** for failure to prosecute.

**IT IS ORDERED** that a copy of the recommendation shall be sent to Plaintiff via certified mail.  Pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72, and D. Kan. Rule 72.1.4, Plaintiff shall have fourteen (14) days after service of a copy of these proposed findings and recommendations to

serve and file with the U.S. District Judge assigned to the case, any written objections to the findings of fact, conclusions of law, or recommendations of the undersigned Magistrate Judge. Plaintiff's failure to file such written, specific objections within the 14-day period will bar appellate review of the proposed findings of fact, conclusions of law, and the recommended disposition.

**IT IS SO RECOMMENDED**.

Dated July 29, 2025, at Wichita, Kansas.

/s/BROOKS G. SEVERSON
Brooks G. Severson
United States Magistrate Judge