IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TAMARA WENGER,

        Plaintiff,

v.                                                          Case No. 25-cv-1048-JWB

GARY L. PRICE, JR., et al.

        Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's motion for default judgment (Doc. 12) submitted in response to Magistrate Judge Brooks Severson's Report and Recommendation ("R&R"), which recommends dismissal of this action for failure to prosecute. (Doc. 10.) Plaintiff's motion is denied, and the R&R is adopted, and this matter is dismissed for the reasons stated herein.

**I.  Facts**

On March 26, 2025, Plaintiff filed a pro se complaint alleging numerous counts against Judge Gary L. Price, a municipal judge for the city of McPherson, Kansas, and a municipal court clerk, Melissa Clouatre. (Doc. 1.) Along with her complaint, Plaintiff filed a supplemental document which she titled as "Disclosures," in which she states that her complaint and jury demand were sent to Defendants via certified mail. (Doc. 2 at 3–4.) However, this alleged mailing lacked a proper signature by the clerk of court, nor did it bear the seal of this court. Nevertheless, Plaintiff proceeded to file a motion for "common law default judgment" (Doc. 5) on June 23, 2025, since Defendants had not yet entered an appearance or otherwise answered the complaint.

Shortly thereafter on July 1, 2025, Magistrate Judge Severson entered a show cause order directing Plaintiff to provide a reason why she did not properly effectuate service of process on the defendants within the 90 days required by Fed. R. Civ. P. Rule 4(m). (Doc. 6.) In response, Plaintiff filed a motion "[d]emand[ing] and [o]rder[ing] Brooks Severson to produce her Oath of Office," (Doc. 8 at 1) and rejecting the authority of Magistrate Judge Severson as "devoid of authority to issue pretrial orders and impede [Plaintiff's] common law claim." (*Id*. at 3.) This motion was denied by Magistrate Judge Severson (Doc. 9), and Plaintiff failed to file any other response to the show cause order.

Magistrate Judge Severson then issued an R&R on July 29, 2025, in which she recommended dismissal of this action for Plaintiff's failure to prosecute. (Doc. 10.) Plaintiff was served with the R&R on August 5. (Doc. 11.) In response to the R&R, Plaintiff filed a second motion for default judgment in which she argues that the R&R is "a malevolent action aimed at gaining administrative jurisdiction over my suit at common-law in an effort to preserve the authority of the administrative state and suppress my rights constituted with-in [sic] the Bill of Rights." (Doc 12 at 3.) Plaintiff filed no other response to the R&R.

**II.    Standard**

When reviewing a magistrate judge's ruling on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A failure to properly object, however, leaves a party with no entitlement to appellate review, and allows the district court to review the R&R under any standard it deems appropriate. *See Williams v. United States*, No. 19-2476-JAR-JPO, 2019 WL 6167514, at *1 (D. Kan. Nov. 20, 2019) (citing *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996)) ("The Tenth Circuit requires that objections to a magistrate judge's

recommended disposition 'be both timely and specific to preserve an issue for de novo review by the district court...'"). "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)). Under Federal Rule of Civil Procedure 41(b), a district court may dismiss an action sua sponte if "the plaintiff fails to prosecute or to comply with these rules or a court order." *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (finding that this Rule allows "courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders").

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

**III.   Analysis**

As an initial matter, Plaintiff's second motion for default judgment fails to specifically address Magistrate Judge Severson's R&R. Rather, the document appears to be Plaintiff's attempt to question the authority of the court to adjudicate her claim. (Doc. 12 at 3.) The court finds that Plaintiff's second motion for default judgment is not a proper objection to the R&R, and Plaintiff's failure to properly object to any portion of the R&R leaves her with no entitlement to appellate review. *Williams*, 2019 WL 6167514, at *1. Accordingly, the court will review Plaintiff's objection under the clearly erroneous or contrary to law standard. *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those

findings").

Magistrate Judge Severson recommends dismissal of Plaintiff's complaint for failure to effect service according to Fed. R. Civ. P. 4(m). The record clearly demonstrates that Plaintiff has failed to properly serve Defendants in this case and has also failed to comply with directives by this court directing her to show cause for this failure. (Doc. 6.) After review, the court finds that dismissal without prejudice for failure to prosecute is warranted.

**IV.     Conclusion**

Plaintiff's motion for default judgment (Doc. 12) is DENIED. Plaintiff's motion for common law default judgment (Doc. 5) is DENIED AS MOOT. Magistrate Judge Severson's R&R is ADOPTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 21st day of August, 2025.

                                               s/ John W. Broomes
                                               JOHN W. BROOMES
                                               UNITED STATES DISTRICT JUDGE